19 F.3d 22
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Barry J. SMITH, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 93-2225.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 16, 1994.*
Decided Feb. 24, 1994.
 
 Before CUMMINGS, KANNE and ROVNER, Circuit Judges.
 
 ORDER
 
 1
 Barry Smith filed an action pursuant to the Federal Tort Claims Act, 28 U.S.C. Sec. 2671 et seq., for an alleged negligent act that occurred during his incarceration at the Federal Correctional Institution at Oxford, Wisconsin (FCI-Oxford). He claimed that he suffered second degree burns and permanent scarring on his left shoulder while taking a shower. The district court granted the United States' motion for summary judgment because the undisputed facts demonstrated that FCI-Oxford exercised due diligence to prevent inmates from suffering such injury. We affirm after reviewing the grant of a summary judgment motion de novo. McGann v. Northeast Ill. Regional Commuter R.R. Corp., 8 F.3d 1174, 1178 (7th Cir.1993).
 
 
 2
 The Bureau of Prisons has a statutory duty to "provide suitable quarters and provide for the safekeeping, care, and subsistence of all persons charged with or convicted of offenses against the United States." 18 U.S.C. Sec. 4042(2). United States v. Muniz, 374 U.S. 150, 164 (1963). The Federal Tort Claims Act, however, exempts the government from liability if the negligence claim is based upon an act or omission of a federal employee who exercised due care. 28 U.S.C. Sec. 2680(a).
 
 
 3
 Under Wisconsin law, which is applicable to this claim pursuant to 28 U.S.C. Sec. 1346(b), the duty to exercise reasonable care is breached if the person "acted or failed to act under circumstances in which [someone] of ordinary intelligence and prudence would reasonably have foreseen that [their conduct would result in] an unreasonable risk of injury" to another individual. McNeese v. Pier, 497 N.W.2d 124, 127 (Wis.1993). Based upon the uncontroverted evidence presented in this case, we conclude that the FCI-Oxford employees performed their duty with due care.[1]
 
 
 4
 The shower in question is controlled by a Series 430 Hydroguard regulator that is designed to maintain water temperature at the desired setting by thermostatically mixing hot and cold water. The regulator has a built-in safety feature that greatly reduces water flow should hot or cold water failure or thermostatic motor failure occur. According to Raymond Churchill, the Plumbing Foreman at FCI-Oxford, the temperature setting never exceeds 102 degrees and is sometimes lowered during the summer months. Churchill inspects the temperature setting monthly. If the regulator fails and hot water only passes through the shower head, the water temperature might rise to 140 degrees, the temperature setting of the hot water tanks that feed the showers. These tanks are also inspected regularly. In thirteen years, Churchill has never replaced a shower regulator because it allowed only hot water to run through the shower fixture. In addition, the record includes three work orders for preventive maintenance dated April 12, May 20, and June 4, indicating that the plumbing fixtures were functioning properly. Although one might foresee that improper maintenance of hot water tanks and pipes may lead to an inmate's exposure to excessively hot water causing serious burn injuries, the prison has demonstrated, without dispute, that it regularly inspects the plumbing. In addition, it has installed equipment with a strong record of dependability to significantly reduce the risk of extreme hot or cold shower water.
 
 
 5
 Moreover, Smith does not submit that the allegedly malfunctioning shower was a chronic problem within FCI-Oxford that prison officials neglected to repair. Even though numerous inmates complained of cold showers on May 30 after Churchill adjusted the temperature as a response to earlier complaints that the shower water was too hot, no other complaints were recorded from May 29 through June 3. Schmorrow v. Sentry Insurance Co., 405 N.W.2d 672, 676 (Wis.Ct.App.1987) (faulty performance of elevator six months preceding accident was sufficient evidence to present jury question on causal negligence).
 
 
 6
 Even if Smith's burns were caused by a malfunction in the temperature regulation system, he has failed to dispute the government's evidence that it regularly performed preventive maintenance and it was not delinquent in repairing a known or foreseeable problem. Accordingly, because the employees of FCI-Oxford did not breach their duty to exercise due care, Smith's claim under the Federal Tort Claims Act must fail.
 
 
 7
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and the record
 
 
 [1]
 In Wisconsin, the violation of a safety statute (a legislative action designed to protect a class of persons from a particular type of harm) constitutes negligence per se if it can be established beyond a reasonable doubt that the harm suffered was of the type the statute was designed to prevent and that the injured person was in the class of individuals sought to be protected. Gonzalez v. City of Franklin, 403 N.W.2d 747, 758 (Wis.1987). Assuming this doctrine is applicable to federal legislation, we do not find that 18 U.S.C. Sec. 4042(2) can be construed as a safety statute because it fails to specify particular types of conduct prison employees should avoid or engage in. Cf. Gonzalez, 403 N.W.2d at 758 (smoke bombs not specifically covered by fireworks safety statute); Bennett v. Larsen Co., 348 N.W.2d 540 (Wis.1984) (violation of regulation requiring pesticide users to apply chemicals in accordance with label directions constitutes per se negligence)